## LAINHART *vs.* DIXON'S EXECUTOR.

APPEAL FROM THE COURT OF PROBATES OF THE PARISH OF ORLEANS.

Courts of Probates are *ratione materia* without jurisdiction in cases of claims of an estate, except those against another estate, or a person expressly suable in such courts.

The facts are stated in the opinion of the court, delivered by MARTIN, J.

The plaintiff sought for remuneration for personal services, for a horse of his lost through the negligence of the testator, and for an engine.

The defendants pleaded the general issue and prescription; but admitted that a contract of partnership existed between the plaintiff and the testator, for the purpose of watering the streets of New-Orleans, with a hydraulic vibratory engine, invented by the plaintiff, and averred that the testator made an advance of six hundred dollars, for one-half of which the plaintiff is liable, and through the plaintiff's neglect to perform his engagements, the testator sustained a loss and expenses to the amount of one thousand dollars, and his estate has a claim of one thousand dollars, as a penalty under an article of the contract; they further pleaded, that the testator, in consequence of his having been the plaintiff's bail in one of the courts of Pennsylvania, was compelled to pay two hundred and twenty-seven dollars and thirteen cents: All which, they pleaded in compensation and reconvention.

The Court of Probates was of opinion the evidence established the plaintiff's claim for personal service against the partnership for four hundred dollars, for one-half of which the estate was liable; that neither the claim for the loss of the horse, nor that for the value of the engine, was substantiated; that the defendants had proved the payment made by the testator as the plaintiff's bail of two hundred and twenty-seven dollars and thirteen cents, and deducting therefrom the sum due for personal services, gave judgement in reconvention for twenty-seven dollars and thirteen cents. The plaintiff appealed.

His counsel has not raised any question of law in this court, but has contended the evidence fully supports his claim.

The defendant's counsel has urged that, it appearing the parties were partners, the plaintiff could only recover on a balance appearing in his favor on a settlement of the partnership concerns, &c. But as he has not prayed for the amendment of the judgement in his favor, we have not attended to his argument in this respect nor that on the prescription.

Courts of Probates are *ratione materia* without jurisdiction in cases of claims of an estate, except those against another estate, or a person expressly suable in such courts.

A consideration of the evidence has led us to the conclusion that the Court of Probates did not mistake the evidence; but we are of opinion he erred in giving judgement on the plea in reconvention in favor of the defendant for the balance which appeared due to the estate   Courts of Probates being *ratione materiæ*, without jurisdiction in cases of claims of an estate, except those against another estate, or a person expressly suable in such courts.

It is, therefore, ordered, adjudged, and decreed, that there be judgement in favor of the defendants with costs in the Court of Probates, they paying costs in this court, saving, however, their right to the part of his claim not allowed in compensation or reconvention, in deduction as an offset to the plaintiff's demand.

*M'Caleb*, for appellant.   *Maybin*, for appellee.